UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENABLE MISSISSIPPI RIVER TRANSMISSION, LLC | CIVIL ACTION NO. 15-1502 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| NADEL & GUSSMAN, LLC, ET AL. | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Pending before the Court is the Motion To Dismiss [Record Document 12] submitted by Nadel & Gussman LLC and Nadel & Gussman Ruston LLC (collectively "Nadel") and the Motion For Oral Argument [Record Document 20] filed by Enable Mississippi River Transmission, LLC ("Enable"). In its complaint, Enable alleges that Nadel has produced gas stored and owned by Enable under the terms of a Certificate of Public Convenience and Necessity ("Certificate") granted by the Federal Energy Regulatory Commission ("FERC"). Record Document 1, p. 2. Enable seeks declaratory relief regarding ownership of the gas, an accounting of gas produced by Nadel at its allegedly infringing site, damages, and an order that the well in question be plugged and abandoned. Id. Nadel's Motion To Dismiss asks the Court to dismiss Enable's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

The Court finds that Enable's arguments concerning the Court's subject matter

jurisdiction over Enable's claims are unavailing. Enable has not asserted diversity jurisdiction under 28 U.S.C. § 1332 despite amply opportunity to present such an alternative basis for this Court's subject matter jurisdiction. Therefore, **IT IS ORDERED** that Enable's claims be **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to close this case. All other filings are **DENIED** as moot.

I.      **Factual and Procedural Background**

Enable is engaged in the business of storing gas in Lincoln Parish, Louisiana, in order to distribute that stored gas during times of peak demand. Record Document 1, pp. 3, 5. The gas is stored in the West Unionville Gas Storage Facility, a facility operated pursuant to the Certificate issued by FERC through its authority under the Natural Gas Act, 15 U.S.C. §§ 717 et seq. ("NGA"), and Louisiana law. Id. at 3–4. Enable claims that gas injected into its storage reservoir is migrating from the FERC-defined parameters of that reservoir and into the neighboring Ruston Vaughn reservoir, where it is being produced by Nadel. Id. at 9. Enable claims that it retains title to the allegedly escaped storage gas by virtue of the Certificate it received from FERC and by order of the Louisiana Commissioner of Conservation. Id. at 4–5, 9. Enable states that this suit is necessary because the parties dispute whether or not Nadel is producing Enable's migrated gas. Id. at 9.

Nadel filed the present Motion To Dismiss on the grounds that the Court lacks subject matter jurisdiction over Enable's claims and, alternatively, under the theory that Enable has not stated a claim upon which relief can be granted. Record Document 12,

p. 1. Enable responded in opposition to the Motion To Dismiss and Nadel replied. Record Documents 18 and 19. Enable filed the current Motion For Oral Argument seeking a hearing on the issues raised in Nadel's Motion To Dismiss and claimed that Nadel has raised original arguments in its reply. Record Document 20. In light of Nadel's allegedly novel arguments, the Court granted Enable the opportunity to submit a sur-reply, which it did. Record Document 22.

## II.   Law and Analysis

Nadel moves to dismiss Enable's suits on two grounds. First, Nadel asserts that the Court lacks subject matter jurisdiction. Record Document 12-1, p. 8. Specifically, Nadel claims (1) that federal law does not create the cause of action, (2) that no substantial federal question is a necessary element of Enable's claims, (3) that Enable has not exhausted its administrative remedies, and (4) that this Court may decline jurisdiction under the Declaratory Judgment Act. Id. at 13–23. Second, Nadel states that Enable has failed to state a claim upon which relief can be granted. Id. at 8. To support this assertion, Nadel argues (1) that Enable's claims are an impermissible collateral attack on the administrative findings of both FERC and the Louisiana Commissioner of Conservation, and (2) that Enable has no claim under the correlative rights doctrine as set forth by the Louisiana Mineral Code. Id. at 23–27. Because the Court holds that federal law does not create the cause of action and that no substantial federal question is presented on the face of Enable's complaint, any discussion of the other arguments raised by Nadel is pretermitted.

### A. Subject Matter Jurisdiction

Federal district courts are courts of limited subject matter jurisdiction "and cannot entertain cases unless authorized by the Constitution and legislation." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). "Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Id. Enable seeks the Court's subject matter jurisdiction on the basis of federal question subject matter jurisdiction under 28 U.S.C. § 1331.[1] Record Document 1, p. 2. Federal question jurisdiction is available for civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute gives federal district courts the jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 2855 (1983). Enable claims that federal law creates the causes of action presented in its suit, and, alternatively, that a substantial question of federal law is implicated. Record Document 18, pp. 12–21.

i. Created by Federal Law

Enable states that the claims presented by it's suit arise under the NGA and thus the federal courts have exclusive subject matter jurisdiction over those claims under 15

---

[1] Enable also asserts subject matter jurisdiction under 28 U.S.C. § 1337. Record Document 1, p. 2. However, this grounds for jurisdiction has been made redundant to 28 U.S.C. § 1331. See 13D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3574 (3d ed., April 2015 update) (footnotes omitted).

U.S.C. § 717u. Record Document 18, p. 12. Enable states that its claims arise under the NGA because the gas allegedly being produced by Nadel's well was stored in Enable's FERC-regulated storage facility. Record Document 1, pp. 7–9. While the Complaint is vague as to the source of the cause of action Enable asserts, Enable can point to no cause of action under the NGA or federal common law. Rather, Enable's suit boils down to a state law conversion claim,[2] desiring the Court to find that Nadel is producing gas owned by Enable, to award damages based on that production, and to prevent future production.[3]

Enable asserts that federal subject matter jurisdiction exists on the grounds that 15 U.S.C. § 717u grants exclusive subject matter jurisdiction to the federal courts over "violations of the [NGA] or the rules, regulations, and orders thereunder. . . ."[4] Record Document 18, pp. 12–18. Enable's Complaint does not identify a violation by Nadel of the NGA.[5] However, even if such a violation was identified, the NGA "does not create a

---

[2] See Dual Drilling Co. v. Mills Equip. Invs., Inc., 98-0343, pp. 4–5 (La. 1998); 721 So. 2d 853, 856–58 (discussing the Louisiana "conversion" cause of action).

[3] Enable's sur-reply states that "Enable has substantial, federally enforceable rights in both its storage facility and the storage gas. Enable filed this action to enforce those federally mandated rights . . . [and prevent Nadel from] unlawfully withdrawing and selling Enable's federally certificated storage gas as their own." Record Document 22, pp. 2–3.

[4] "The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.... Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder may be brought in [a proper district court]." 15 U.S.C. § 717u.

[5] Enable does not claim that Nadel has violated a provision of the NGA, but states that Order 206-D of the Louisiana Commissioner of Conservation provides that gas stored by Enable in its storage facility

general private right of action to counter violations of the Act." <u>Columbia Gas Transmission, LLC v. Singh</u>, 707 F.3d 583, 587 (6th Cir. 2013). <u>See also</u> <u>Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation</u>, 524 F.3d 1090, 1100 (9th Cir. 2008) ("<u>Williston Basin</u>"); <u>Clark v. Gulf Oil Corp.</u>, 570 F.3d 1138, 1148 (3rd Cir. 1977).[6] Rather, the Supreme Court has stated that § 717u does not create jurisdiction, but provides federal exclusivity when federal law creates a cause of action elsewhere to enforce provisions of the NGA. <u>Pan Am. Petroleum Corp. v. Superior Court of Delaware of New Castle Cnty.</u>, 366 U.S. 656, 664, 81 S. Ct. 1303, 1308 (1961). The NGA creates such causes of action in two limited ways. <u>Columbia Gas Transmission, LLC v. Singh</u>, 707 F.3d at 587–88. First, the NGA gives FERC the relatively broad power to seek to enjoin in federal court perceived violations of the NGA or of FERC orders and regulations. 15 U.S.C. § 717s(a). Second, the NGA grants those entities with FERC certificates the limited power to bring in federal court eminent-domain actions against private property within the parameters of its facility.[7] 15 U.S.C. § 717f(h); <u>see</u>

---

is owned by Enable and, accordingly, any production by Nadel of Enable's stored gas violates the rights of Enable under Louisiana's correlative rights doctrine. Record Document 1, pp. 4–5, 9.

[6] "While § 717u does not expressly limit its jurisdictional grant to cases arising under the Natural Gas Act, . . . the [Supreme] Court has held that such limitation is clearly implied." <u>Williston Basin</u>, 524 F.3d at 1100 (internal citations omitted). "While a cursory reading [15 U.S.C. § 717u] might suggest that federal jurisdiction should exist for alleged violations of the Natural Gas Act—even assuming for the sake of argument that Columbia alleges such a violation—this provision does not create the cause of action or substantial federal interest required for federal-question jurisdiction." <u>Columbia Gas Transmission, LLC v. Singh</u>, 707 F.3d at 591.

[7] This private action has two significant obstacles: (1) the holder of the certificate must not be able to acquire the necessary right-of-way through contract, or at least must be unable to agree on price, with the owner, and (2) the amount of compensation claimed by the owner must be more than $3,000.

Page 6 of 10

<u>Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement</u>, 776 F.2d 125, 128–29 (6th Cir. 1985). Enable's claims do not fall within the causes of action enumerated by the NGA. Accordingly, the NGA does not create Enable's cause of action.

Not only does the NGA not create any cause of action Enable brings in its present suit, the whole of the subject matter falls outside of the coverage of the NGA. 15 U.S.C. § 717(b). Enable's suit seeks to stop Nadel's production of natural gas and to receive damages from Nadel's previous production activities. Record Document 1, 11–12. However, Congress expressly excluded from the purview of the NGA any activities involving "the production or gathering of natural gas." 15 U.S.C. § 717(b).

The NGA creates no cause of action raised in Enable's suit and Enable has not directed the Court to another federal law as the source of a cause of action Enable presents. Thus, its quest for federal subject matter jurisdiction must instead rely upon the existence of a necessary, disputed, and substantial question of federal law in order to satisfy the strictures of 28 U.S.C. § 1331.

    ii.    <u>Substantial Question of Federal Law</u>

For purposes of federal question subject matter jurisdiction, a plaintiff's suit must either present a cause of action created under federal law or present a claim which "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of

---

15 U.S.C. § 717f(h).

federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368 (2005). Accordingly, Enable's suit must present a federal question which (1) is necessary, (2) is actually disputed, (3) is substantial, and (4) does not disturb the balance of federal and state judicial responsibilities. Singh v. Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008). Enable claims in its opposition to Nadel's Motion To Dismiss that the necessary, disputed, and substantial federal question presented here is the interpretation of Enable's rights under its Certificate from FERC.[8] Record Document 18, pp. 11–13. Federal courts which have also confronted claims involving FERC certificates have held that no necessary, disputed, and substantial federal question was presented. See Williston Basin, 524 F.3d at 1102–03. See also Columbia Gas Transmission, LLC v. Singh, 707 F.3d at 585–90; Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp., 42 F. Supp. 3d 812, 814–15 (E.D. La. Aug. 26, 2014).[9]

---

[8] Enable also claims ownership of the storage gas that has allegedly escaped based upon an order of the Louisiana Commissioner of Conservation. Record Document 1, pp. 4–5, 9. However, the interpretation of this state regulatory order is not in dispute between the parties.

[9] In Columbia Gas Transmission, LLC v. Singh, the Court faced an alleged interference by a property owner with a FERC-certificated gas storage facility. The operator of the facility claimed that there was a substantial federal question as to whether federal law or the interpretation of a federal regulatory act prevented the property owner from interfering with the facility. 707 F.3d at 585–87. The Court held that the NGA did not provide a federal cause of action to stop the alleged interference of the property owner with the facility. Id. at 587–588. The Court also found that the parties had not "crossed swords" over the interpretation of a federal statute, regulation, or order and thus a disputed federal issue had no arisen. Id. at 589–90.

In Henry J. Ellender Heirs, the plaintiff brought claims against the defendants on the grounds that defendants' production and exploration activities violated the Louisiana Mineral Code and Louisiana Civil Code by contaminating the plaintiff's land. 42 F. Supp. 3d 812, 814–15 (E.D. La. Aug. 26, 2014). The defendants sought to remove the action to federal court partly on the grounds that (1) 15 U.S.C. § 717u provided exclusive subject matter jurisdiction over their FERC-certificated activities and (2) the state law claims of the plaintiff involved the interpretation of FERC rules and regulations and thus a substantial

In <u>Williston Basin</u>, the plaintiff was losing from its storage facility what it viewed to be an abnormally large amount of gas and claimed that the defendant's wells were producing its stored gas. 524 F.3d at 1092. The plaintiff sought to enjoin the defendant from producing from its wells and petitioned for damages for the alleged production of its stored gas. <u>Id.</u> Federal subject matter jurisdiction was sought on the grounds that federal law created the cause of action under § 717u and, alternatively, that a substantial federal question was implicated because the claims "were aimed at enforcing a duty created by the NGA." <u>Id.</u> at 1092, 1100–1102. The Ninth Circuit affirmed the district court's dismissal of the suit, holding that § 717u did not apply to plaintiff's claims and stating that it "cannot say that a court would need to resolve a disputed provision of the NGA in order to resolve [the plaintiff's] state law conversion or negligence claims, because no provision of the NGA constitutes an essential element of those claims." <u>Id.</u> at 1102.

The claims in the present suit are nearly identical to those brought in <u>Williston Basin</u>. Enable also asks for the Court to stop Nadel's well from producing and for damages on the grounds that Nadel's production is interfering with its rights under a FERC certificate. Record Document 1, pp. 10–11. Here, as in <u>Williston Basin</u>, the

---

federal question was implicated by the plaintiff's state law claims. <u>Id.</u> at 820–21. The court rejected these contentions, holding (1) that § 717u did not create federal subject matter jurisdiction for claims which relate to FERC-certificated activities but to which the NGA has not provided a private cause of action, and (2) that no substantial and contested federal question needed to be resolved in order to evaluate the state law claims of the defendant. <u>Id.</u> Similarly, Enable seeks to establish federal subject matter jurisdiction over state law claims which simply relate to a FERC regulatory scheme, but does not refer to a substantial and disputed federal question, or to any supporting case law, to incite such jurisdiction.

Page 9 of 10

Complaint and the parties' briefing do not present a claim created by federal law or a substantial dispute over the interpretation of the NGA or another federal question. Additionally, this suit seeks to engross the federal courts in the regulation of the production of natural gas in Louisiana and would, therefore, involve the federal courts in an area of law Congress has reserved to state courts.[10] Accordingly, 28 U.S.C. § 1331 does not provide this Court with federal subject matter jurisdiction over Enable's claims.

## III. Conclusion

The Court finds that Enable's arguments concerning the Court's subject matter jurisdiction over Enable's claims are unavailing. Enable has not asserted diversity jurisdiction under 28 U.S.C. § 1332 despite amply opportunity to present such an alternative basis for this Court's subject matter jurisdiction. Therefore, **IT IS ORDERED** that Enable's claims be **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to close this case. All other filings are **DENIED** as moot. A Judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 14 day of March, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[10] 15 U.S.C. § 717(b). See e.g. United Gas Improvement Co. v. Cont'l Oil Co., 381 U.S. 392, 402, 85 S. Ct. 1517, 1523 (1965).